**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

STEVEN TURNER,                                                                                    PLAINTIFF
ADC #116510

v.                                      2:17CV00109-BSM-JTK

TERENCE AKINS, et al.                                                                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff Steven Turner is a state inmate incarcerated at the East Arkansas Regional Unit (EARU) of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, seeking damages from Defendants for allegedly failing to protect him from an attack by another inmate (Doc. No. 1). Defendant Reed was dismissed on July 31, 2017 (Doc. No. 15).

This matter is before the Court on the Motion for Summary Judgment, Brief in Support, and Statement of Facts filed by remaining Defendants Terrance Akins and Galen

Lay (Doc. Nos. 20-22).   This Court granted Plaintiff's Motion for an extension of time in which to respond on March 16, 2018, directing him to respond within thirty days (Doc. No. 25).   As of this date, Plaintiff has not responded, or otherwise corresponded with the Court.

**II.     Complaint**

On April 25, 2016, Plaintiff was attacked in 3 barracks by another inmate who was not assigned to that barracks. (Doc. No. 1, p. 7)   Defendant Akin was in charge of the barracks and permitted the inmate to enter the barracks and assault Plaintiff. (Id.) Defendant Warden Lay failed to properly train Defendant Akin, who failed to follow ADC policies which placed Plaintiff's life in danger. (Id.)

**III.    Summary Judgment**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.   See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing

that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.    Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

### A. Official Capacity Liability

The Court initially agrees with Defendants that Plaintiff's monetary claims against them in their official capacities should be dismissed, pursuant to sovereign immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989).

### B. Individual Capacity Liability

The Court also agrees with Defendants that the individual capacity claims should be dismissed, pursuant to qualified immunity, which protects officials who act in an objectively reasonable manner.  It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact.  McClendon v.

Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

According to Defendant Lay's Declaration, officers received a call for assistance to 3 barracks on April 25, 2016, and when they arrived, they encountered inmates Dustin Zachary and Nathan Campbell and removed them from the barracks. (Doc. No. 20-4, p. 1) An investigation into the incident revealed that Zachary hit Plaintiff, who was sleeping, with a sock which contained a lock inside. (Id., p. 2) The two inmates then chased

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

Plaintiff after he jumped out of his bed and ran upstairs, and Zachary continued to try to hit Plaintiff with the lock in the sock. (Id.) The attack ended when several other inmates intervened and the security officers entered the barracks. (Id.) Plaintiff was then placed into protective custody and Zachary and Campbell were placed on his enemy alert list. (Id., pp. 2-3). Surveillance footage revealed that inmate Zachary entered 3 barracks as inmates assigned to barracks 3-6 returned from breakfast. (Id., p. 2) During this time, Defendant Akins was shaking down inmates assigned to those barracks. (Id.) Prior to the incident, no documents indicated a conflict between Plaintiff and the other two inmates and the three were not on each other's enemy alert lists. (Id., p. 3) In addition, Plaintiff never requested that he be separated from any particular inmate. (Id.) Finally, prior to employment at EARU, all newly-hired correctional officers receive 240 hours of pre-service training, and thereafter, forty hours of training annually. (Id.) This training includes security procedures and supervision of offenders. (Id.)

Defendant Akins was working as a correctional officer for 3 and 4 barracks on the day of the incident. (Doc. No. 20-5, p. 1) He does not recall allowing inmate Zachary, who was assigned to 5 barracks, into 3 barracks, and during the time he entered, Akins was helping shake down inmates from barracks 3-6 who returned from breakfast. (Id., p. 2) When he saw several inmates run into the dayroom of 3 barracks, he followed to investigate and called for rovers to assist him. (Id.) At that time, he discovered that Plaintiff had been attacked by inmate Zachary. (Id.) Prior to that, however, he was not aware of any problems between the two inmates and knew of no reason for Zachary to attack Plaintiff. (Id.)

Furthermore, according to Plaintiff's deposition testimony, prior to the incident, he did not know the two inmates' names, and could not recall talking to or coming into contact with them. (Doc. No. 20-1, p. 22) Plaintiff stated he was not threatened by them or their friends and did not remember any altercation with them and their friends. (Id., p. 27) He stated that the morning of the incident he was sleeping in his barracks and woke up as someone hit him with a lock in a sock. (Id., p. 20)

In light of Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court hereby finds that the facts set forth by Defendants (Doc. No. 22) are undisputed for purposes of this Motion, and recommends that summary judgment be granted as a matter of law.  See FED.R.CIV.P. 56(e)(2), (3).

To support a claim of failure to protect, Plaintiff must allege they were deliberately indifferent to the need to protect him from a substantial risk of serious harm. Newman v. Holmes, 122 F.3d 650, 652 (8th Cir. 1997). This claim has two components, an objective one asking whether there was a substantial risk of harm to the inmate, and a subjective one asking whether the prison official was deliberately indifferent to that risk. Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). See also Curry v. Crist, 226 F.3d 974, 977 (8th Cir. 2000). In addition, prison officials are entitled to qualified immunity when a failure-to-protect claim arises from injuries resulting from a surprise attack by another inmate. Tucker v. Evans, 276 F.3d 999, 1001 (8th Cir. 2002).

In this particular case, there is no dispute that the attack on Plaintiff was a surprise, and although he claims Defendant Akin was deliberately indifferent by allowing inmate

7

Zachary into 3 barracks, he provides no evidence to support that claim. Even if Akin was negligent or grossly negligent in his duties (which is not supported by any evidence), he would not be considered deliberately indifferent to a risk of harm about which no one was aware. Plaintiff provides no evidence that he was confined under conditions posing a substantial risk of harm, especially since he was unaware that inmates Zachary and Campbell posed a threat of harm to him. And, the evidence shows Akins quickly responded to the incident as soon as he was made aware of something happening in the barracks. Finally, any allegations that Akins violated ADC policy also fail to support a constitutional claim for relief. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

The Court also finds that Plaintiff's allegations against Defendant Lay are based on his supervisory position as Warden, and absent a showing that Akins is liable, or that Lay was personally involved or tacitly authorized Akins' actions, he cannot be held liable. "In a § 1983 case, an official 'is only liable for his ... own misconduct' and is not 'accountable for the misdeed of [his] agents' under a theory such as respondeat superior or supervisor liability." Whitson v. Stone County Jail, 602 F.3d 920, 923 (8th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

Therefore, absent additional facts or evidence from Plaintiff to show otherwise, the Court finds that Defendants acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts alleged or shown, construed in the light most

favorable to Plaintiff, established a violation of a constitutional or statutory right.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 20) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 25th day of April, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE